64 pgs

ORIGINAL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

Myron V. Askew,

    Petitioner,

—VS—

Fabian W. Lavigne,

    Respondent.

04-71708

Civil Action No.: _____

Hon. Judge: _____

MAGISTRATE JUDGE R. STEVEN WHALEN

FILED

MAY 1 2 2004

CLERK'S OFFICE-DETROIT-PSG
U.S. DISTRICT COURT

RECEIVED
MAY 4 2004
U.S. DISTRICT COURT

### PETITION FOR WRIT OF HABEAS CORPUS

    Now comes the Petitioner Myron Askew pursuant to Rule 28, §§2241, 2244, Fed.R. Crim.Proc, and respectfully states:

    1.  Petitioner Myron Askew is a citizen of the United States, is a resident of Wayne County in Detroit, Michigan, and is currently imprisoned in Kincheloe, Michigan.

    2.  Petitioner Myron Askew is currently unconstitutionally detained and imprisoned by the Respondent, Fabian W. Lavigne, Warden, at the Chippewa Correctional Facility, where the Petitioner Myron Askew is serving a term of two counts of second degree murder to run concurrent as life terms, and concurrent fifteen to thirty years of imprisonment for two counts of assault with intent to murder, and two years of consecutive imprisonment for felony firearm conviction, after a jury found Petitioner Myron Askew guilty of the conviction offenses.

    3.  Petitioner has exhausted all state remedies available to him with regard to the Fourteenth Amendment Due Process Clause issue raised in this petition by taking the following steps:

    a.  The Petitioner filed a complaint for writ of superintending control claiming, that he filed a motion for relief from judgement under the Mich Court Rule (MCR) 6.500 (attached as Appendix-1).  The trial judge issued an opinion and order denying the

Petitioner's motion. (attached as Appendix-2).  However, the Petitioner's copy of the trial judge's opinion and order was mailed to his co-defendant. (Attached as Appendix-3). Several months later the Petitioner's co-defendant mailed the trial judge's opinion and order denying his motion for relief from judgment to him, and explained that he did not file a motion for releif from judgment. (attached as Appendix-4, pp.1-2).

The Petitioner subsequently filed a motion in the trial court under MCR 2.612 for relief from judgment of the trial judge's order, denying his prior motion for relief from judgment and asserted that, he did not receive a copy of the trial judge; order in time to effect his appeal because it was sent to his co-defendant in error, and asked the trial judge to vacate its previous order and enter a new order so he can effect his appeal to the state courts. (attached as Appendix-4).  In a letter to the Petitioner the trial court apologized for mailing the order denying his motion to his co-defendant, but denied the Petitioner's second motion for relief from judgment as successive and summarily rejected it without process. (attached as Appendix-5).

b.  Petitioner Myron Askew raised the Fourteenth Amendment Due Process issues in the Michigan Court of Appeals.  The point heading of the ~~ENDEADIVE~~ first issue presented in his Brief on Appeal were:

I.      SUPERINTENDING CONTROL IS APPROPRIATE WHERE THE TRIAL JUDGE HAD THE AUTHORITY AND A CLEAR LEGAL DUTY TO CORRECT AN ERROR BUT FAILED TO DO SO.

A.  THE TRIAL COURT EITHER PURPOSELY OR MISTAKENLY TREATED PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT ORDER FILED UNDER MCR ~~@####@~~ 2.612 et. seq AS A SUCCESSIVE MOTION FOR RELIEF FROM JUDGMENT AND SUMMARILY DENIED RELIEF PURSUANT TO MCR 6.502(G)(1) and (2).

c.  On September 19, 2002 the Michigan Court of Appeals denied the Petitioner Myron Askew complaint for superintending control. (attached as Appendix-7).

d.  Petitioner Myron Askew then filed a timely application for leave to appeal in the Michigan Supreme Court, in which he again raised the identical issue presented in this petition.  The Michigan Supreme Court denied leave to appeal in an order issued on April 29, 2003. (attached as Appendix-8).

4.  As set forth in the accompanying Brief, the Petitioner Myron Askew is being detained in violation of the Fourteenth Amendment to the United States Constitution.

5.  Petitioner Myron Askew has not filed any previous Petition for Writ of Habeas Corpus in this or any other federal district court.

## RELIEF REQUESTED

For these reasons, the Petitioner Myron ASkew, asks:

A.  That Respondent be required to appear and answer the allegations of this Petition;

B.  That after full consideration, this Court grant this Petition and order that Petitioner Myron Askew either be promptly retried or released from custody;

C.  That this Court grant such other, further, and different relief as the Court may deem just and proper under the circumstances; and

D.  That this Court grant oral argument in this matter.


Dated: April 2 7 ,2004.


Respectfully submitted by,

_Askew  234926_

Mr. Myron V. Askew (#234926).
Petitioner In Pro Se Persona
Chippewa Correctional Facility (URF).
4269 West M-80 Road
Kincheloe, Michigan 49784.


Subscribed and sworn to before me

this _27th_ day of April 2004.

Notary Public

JOHN ADAIR
NOTARY PUBLIC MACOMB CO., MI
COMMISSION EXPIRES


Prepared by:
Prisoner Minyard Davis (#222243)

P.4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

Myron Askew,

  Petitioner,

04-71708

—VS—

  Civil Action No.:_____

  Hon. Judge:_____.

Fabian W. Lavigne,

    Respondent.

_____/

## PROOF OF SERVICE

The undersigned certifies that he served a copy of the Petitioner' Writ for Habeas Corpus and motions attached upon the respondent, by filing out an MDOC expedited legal mail disbursement for first class postage to: **Mr. Fabian W. Lavigne, Warden, Chippewa Correctional Facility, 4269 West M-80 Road, Kincheloe, Michigan, 49784,** and handing the same to his area residential unit supervisor (ARUS) at the Chippewa Correctional Facility (URF) on Thursday, April 29, 2004 for delivery by the U.S. Postal Service.

Dated: April 27 ,2004.

Respectfully submitted by,

_Askew 234926_.
Mr. Myron Askew (#234926).
Petitioner In Pro Se Persona
Chippewa Correctional Facility (URF).
4269 West M-80 Road
Kincheloe, Michigan 49784.

Subscribed and sworn to before me

this _27th_ day of April 2004.

_____.
Notary Public

JOHN ADAIR
NOTARY PUBLIC MACOMB
MY COMMISSION EXPIRES

JOHN ADAIR
MY COMMISSION EXPIRES Dec 18, 2000

APPENDIX A-1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR WAYNE COUNTY

THE PEOPLE OF THE STATE OF MICHIGAN,

              Plaintiff-Appellee,          Case No. 93-3113-02

Vs.

MYRON VIRGIL ASKEW,           HONORABLE MICHAEL J. CALLAHAN

            Defendant-Appellant.      /

## MOTION FOR RELIEF FROM JUDGMENT (SET ASIDE)

    **NOW COMES** Myron Virgil Askew, Defendant-Appellant (Defendant) in the above-captioned criminal action, who moves this Court in propria persona and pursuant to subchapter 6.500 of the Michigan Court Rules for relief from the judgments of conviction and sentence entered against him in this Court on December 13, 1993. Defendant asks for relief in the form of the setting aside of said judgments of conviction and sentence and dismissal with prejudice of the charges giving rise thereto or in the alternative, a new trial.

    In support of his motion, Defendant submits the following facts:

        1. Defendant was convicted on December 13, 1993, following a jury trial presided over by the Honorable Michael J. Callahan, Wayne County Circuit Court Judge,[1] of 2 counts of 2nd Degree Murder, 2 counts of Assault with Intent to Commit Murder, and Felony Firearm.

        2. On January 4, 1994, Defendant was sentenced by Judge Callahan

---

[1] Pursuant to the Michigan Supreme Court's Administrative Order 1986-1 (426 Mich lxviii-lxix), Defendant's case was transferred from Detroit's Recorder's Court and to Wayne County Circuit Court. The transfer of jurisdiction forms the basis for the first claim for relief raised below.

-1-

to concurrent life terms for the 2nd Degree Murder convictions, concurrent 15 year to 30 year terms for the Assault with Intent to Commit Murder Convictions, and 2 years for the Felony Firearm conviction, to be served consecutive to and preceding the other 4 sentences imposed.  Defendant is presently serving those sentences.

3. Defendant was represented at both trial and sentencing by attorney Earl Washington (P31383).[2]

4. On June 12, 1996, Defendant filed a direct appeal in the Michigan Court of Appeals (COA No. 173176).  Defendant's convictions and sentences were affirmed by that court in an unpublished opinion dated July 8, 1997.

5. On direct appeal, Defendant was represented by attorney Gerald Surowiec (P21172), who was appointed by the Court.

6. On August 25, 1997, Defendant filed a delayed application in the Michigan Supreme Court for leave to appeal from the Court of Appeals decision affirming his convictions and sentences (SC No. 110389).  That Court denied leave to appeal in an Order dated May 28, 1998.

7. Defendant acted in propria persona while seeking relief from the Michigan Supreme Court.

8. Defendant submits that the following errors occurred during the course of his criminal case and that each is error warranting reversal of his convictions and sentences and dismissal of the charges or retrial

---

[2] Attorney Washington also represented Defendant at a prior jury trial of these same charges that ended with a hung jury.  In matters not relevant to the instant motion, Defendant was represented at preliminary examination by attorney Pauline Sarold (P43477) and at a hearing on a motion to reduce First Degree Murder charges by attorney Sarold and attorney Otis Culpepper (P23520).

on each charge:

## I

THE TRIAL COURT LACKED PERSONAL AND SUBJECT-MATTER JURIS-
DICTION OVER DEFENDANT AND THE CRIMES CHARGED WHERE THE
MICHIGAN SUPREME COURT VIOLATED THE SEPARATION OF POWERS
CLAUSE OF THE MICHIGAN AND UNITED STATES CONSTITUTIONS
BY COMBINING THE CRIMINAL DOCKETS OF THE RECORDER'S COURT
OF DETROIT AND THE WAYNE COUNTY CIRCUIT COURT.

## II

DEFENDANT WAS DENIED HIS RIGHT UNDER MICHIGAN'S CONST
1963, ART 1, § 20 AND THE SIXTH AMENDMENT TO THE UNITED
STATES CONSTITUTION TO CONFRONT ALL WITNESSES AGAINST
HIM WHEN VIDEOTAPED TESTIMONY OF DAVID ANDERSON, A COM-
PLAINANT AND RES GESTAE WITNESS, GIVEN AT A PRIOR TRIAL,
WAS SHOWN TO THE JURY AND HIS UNAVAILABILITY WAS NOT
SUFFICIENTLY ESTABLISHED.

## III

DEFENDANT WAS DENIED HIS RIGHT UNDER MICHIGAN'S CONST
1963, ART 1, § 20 AND THE SIXTH AMENDMENT TO THE UNITED
STATES CONSTITUTION TO THE EFFECTIVE ASSISTANCE OF COUNSEL
DURING HIS TRIAL.

## IV

DEFENDANT WAS DENIED HIS RIGHT UNDER MICHIGAN'S CONST
1963, ART 1, § 20 AND THE SIXTH AMENDMENT TO THE UNITED
STATES CONSTITUTION TO THE EFFECTIVE ASSISTANCE OF COUNSEL
ON DIRECT APPEAL.

## V

DEFENDANT WAS DENIED HIS RIGHT UNDER MICHIGAN'S CONST
1963, ART 1, § 17 AND THE FIFTH AND FOURTEENTH AMENDMENTS
TO THE UNITED STATES CONSTITUTION TO DUE PROCESS OF LAW
WHERE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT HIS
*Conviction*

CONVICTIONS.

## VI

DEFENDANT WAS DENIED HIS RIGHT UNDER MICHIGAN'S CONST 1963, ART 1, § 17 AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION TO DUE PROCESS OF LAW WHEN THE PROSECUTING ATTORNEY ENGAGED IN MISCONDUCT THAT DEPRIVED HIM OF A FUNDAMENTALLY FAIR TRIAL.

## VII

DEFENDANT WAS DENIED HIS RIGHT UNDER MICHIGAN'S CONST 1963, ART 1, § 17 AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION TO DUE PROCESS OF LAW WHEN THE CUMULATIVE EFFECT OF THE NUMEROUS ERRORS DURING HIS TRIAL DEPRIVED HIM OF A FUNDAMENTALLY FAIR TRIAL.

9. Claim V as described above, alleging insufficient evidence, was raised on Defendant's direct appeal and his application for discretionary review in the Supreme Court; however, appellate counsel failed to "federalize" the claim, thereby preserving it for federal habeas corpus review. Defendant will argue below that this constitutes ineffective assistance of appellate counsel thus demonstrating the requisite cause for the failure to raise the claim on direct appeal.

10. Claim I as described above, alleging this Court's lack of personal and subject-matter jurisdiction has not been raised before; however, Defendant will argue below that this was a result of ineffective assistance of appellate counsel. In any event, the claim is cognizable and reviewable on postappeal review by rule and law.

11. Claims II, III, IV, VI and VII as described above, alleging a Confrontation Clause violation, ineffective assistance of trial and appel-

late counsel, prosecutorial misconduct and fundamental unfairness resulting in denial of due process, have not been raised before; however, Defendant will argue below that this was a result of ineffective assistance of appellate counsel thereby demonstrating the requisite cause for the failure to raise the claims on direct appeal.

12. Appointment of counsel is requested and appropriate financial disclosure papers will be attached.

WHEREFORE, for the grounds described above, and for the legal argument set forth in the attached brief of law, Defendant respectfully asks that this Honorable Court SET ASIDE the judgments of conviction and sentence for the criminal charges set forth above and DISMISS said criminal charges with prejudice or GRANT Defendant a new trial.

In the alternative, Defendant respectfully requests any other relief this Honorable Court deems fair and just.


Date:_____                        Respectfully submitted:


                                             Myron Virgil Askew
                                             In propria persona



## VERIFICATION

I, Myron Virgil Askew, pro per Defendant-Appellant in the above-captioned motion for postappeal relief under MCR 6.500 et seq, do hereby verify and certify that all allegations of fact in the foregoing motion are true to the best of my knowledge, information and belief and if called upon to do so, I can and will testify competently to the same; as to conclusions of law, I believe them to be true.


Executed:_____              By:_____
                                          Myron Virgil Askew


-5-

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR WAYNE COUNTY


THE PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,               Case No. 93-3113-02

Vs.

MYRON VIRGIL ASKEW,                HONORABLE MICHAEL J. CALLAHAN

         Defendant-Appellant.      /

FOR DEFENDANT-APPELLANT:

MYRON VIRGIL ASKEW 234926
In propria persona
Oaks Correctional Facility
P.O. Box 38
Eastlake, MI  49626-0038

FOR PLAINTIFF-APPELLEE:

WAYNE COUNTY PROSECUTING ATTORNEY
Frank Murphy Hall of Justice
1441 St. Antoine Street
Detroit, MI  48226       /

---

## MOTION FOR RELIEF FROM JUDGMENT (SET ASIDE)

### BRIEF IN SUPPORT

---

### PROOF OF SERVICE

    Myron Virgil Askew, pro per defendant
in this criminal appellate proceeding, does
hereby certify that he served one (1) copy
of this Motion for Relief from Judgment, along
with any all attachments thereto, on the Wayne
County Prosecutor by mailing same in a sealed
envelope, first-class postage affixed, and
addressed as indicated above. This certificate
of service is made under penalty of perjury.


Executed: 3-4-99   /s/_____
                    Myron Virgil Askew

APPENDIX A-2

STATE OF MICHIGAN
THIRD CIRCUIT JUDICIAL COURT
CRIMINAL DIVISION


PEOPLE OF THE SATE OF MICHIGAN
     Plaintiff,

v
                                        Case No. 93-3113-02

                                        Hon. Deborah A. Thomas

MYRON V. ASKEW,
     Defendant,

_____/


### ORDER

At a session of said Court held in the Frank

Murphy Hall of Justice on ___SEP 2 9 2000___

PRESENT: HONORABLE **DEBORAH A. THOMAS**
                                     Circuit Court Judge


For the reasons stated in the foregoing Opinion, **IT IS HEREBY ORDERED**

That Defendant's Motion for Relief from Judgment is **DENIED**.

                                    **JUDGE DEBORAH A. THOMAS**
                                         Circuit Court Judge

A TRUE COPY
TEOLA P. HUNTER
WAYNE COUNTY CLERK

BY_____ DEPUTY CLERK

## STATE OF MICHIGAN
### THIRD CIRCUIT COURT
### CRIMINAL DIVISION

THE PEOPELE OF THE STATE OF MICHIGAN,
        Plaintiff,

                                Case No. 93-3113-02

v

                                Hon. Deborah A. Thomas

MYRON V. ASKEW,
        Defendant,
_____/

### OPINION

On December 13, 1993, defendant was convicted by jury trial of two (2) counts of second degree murder, **MCL 750.317; MSA 28.549**, two (2) counts of assault with intent to murder, **MCL 750.83; MSA 28.278**, and felony firearm, **MCL 750.227b;MSA 28.424(2)**. On January 4, 1994, defendant was sentenced to two (2) concurrent life terms for the second degree murder convictions, concurrent fifteen (15) to thirty (30) years' imprisonment for each of the assault convictions, and two years' consecutive imprisonment for the felony-firearm conviction. On July 8, 1997, the Michigan Court of Appeals affirmed defendant's conviction. Thereafter, the Michigan Supreme Court affirmed defendant's conviction.

Defendant now files a Motion for Relief from Judgment, pursuant to **MCR 6.500 et seq.**, raising several issues, which are before this Court. Defendant alleges: 1) the trial court lacked jurisdiction because the Supreme Court lacked authority to have merged the Third Judicial Circuit with Recorder's Court; 2) he was denied the 6th amendment right to confrontation; 3) ineffective assistance of trial and appellate counsel; 4) denial of due process of law where there was insufficient evidence to support the conviction; 5)

prosecutorial misconduct; and 6) the cumulative effect of numerous errors deprived him of a fair trial.

First, defendant's contention that the Supreme Court lacked authority to have merged the Third Judicial Circuit with the Recorders' Court has no merit.

The Recorder's court of Detroit has jurisdiction only over crimes committed within Detroit. **MCL 725.10a; MSA 27.3905(1)**. However, the Supreme Court has authority to appoint "persons who have been elected and served as judges to perform judicial duties for limited periods or specific assignments." **Const. 1963, art 6 sec. 23. See also MCL 600.225; MSA 27A.225**. As a result, the Supreme Court enacted **Administrative Order No. 1986-1, 426 Mich 1xviii** to "temporarily assign" all judges of the Third Judicial Circuit as visiting judges of the Recorder's Court and all judges of Recorder's Court were temporarily assigned as visiting judges of the third Judicial Circuit. Given this, Judge Michael J. Callahan had authority to serve as a judge of the Third Judicial Circuit.

Moreover, the Supreme Court has the power to enact **Administrative Order No. 1986-1**. The Supreme Court has authority to enter individual and specific orders to appoint a Recorder's Court judge to the Third Judicial Circuit for each individual case. However, this would lead to "administrative inconvenience" to have individual orders. **People v Fleming, 185 Mich App 270, 275, 460 NW2d 602**. Thus, the Supreme Court has authority, under **MCLA 600.225(2); MSA 27a.225** to enact **Administrative Order 1986-1** for the purpose of efficiency.

As for defendants other contentions, upon review of the record and the pleadings in this case, this court finds that the defendant has not met the burden of establishing entitlement to relief requested.

Defendant has not shown "(a) good cause for failure to raise such grounds on appeal or [in] the prior motion, and (b) actual prejudice from the alleged irregularities that support the claim for relief."

The cause and prejudice standards are based upon precedent from the United States Supreme Court.  **Wainwright v Skyes, 433 US 72; 975 S Ct 2497; 53 L Ed 2d 594 (1977).  United States v Frady, 456 US 152; 102 s Ct 1584; 71 L Ed 2d 816 (1982).** Michigan also requires that the cause and prejudice standard be met prior to giving any relief to the defendant.  See **People v Reginald Brown, 196 Mich App 153, 492 NW2d 77-** (1992), where the Michigan Court of Appeals held that the defendant must meet the cause of prejudice requirement before relief is granted.  Therefore, defendant's Motion for Relief from Judgment is hereby **DENIED**.

Dated: SEP 2 9 2000

JUDGE DEBORAH A. THOMAS
**Circuit Court Judge**

APPENDIX A-3



# THE THIRD JUDICIAL CIRCUIT
## OF MICHIGAN

JUDGE DEBORAH A. THOMAS

802 FRANK MURPHY HALL OF JUSTICE
1441 ST. ANTOINE
DETROIT, MICHIGAN 48226

(313) 224-5210
FAX (313) 224-2786

October 3, 2000

Mr. DeJuan Marnell Edwards #233962
Carson City Temporary Facility
10274 Boyer Rd.
Carson City, Michigan 48811

, RE:   PEOPLE V. EDWARDS, DEJUAN MARNELL
CASE NO. 93-003113-02

Dear Mr. Edwards:

Please find enclosed a True Copy of the **Opinion** and **Order** of the Court denying Defendant's Motion for Relief from Judgment relative to the above referenced matter.

Very truly yours,

Carol A. McDonald
Judicial Secretary to Judge Thomas

/cam

Enc.

c.   Court File

DETROIT
OCT 16 '00

METER 7000366

$ 00.55
U.S. POSTAGE

MR. DEJUAN MARNELL EDWARDS #233962

Camp Ojibway (COI)
P. O. Box 236
Marenisco, MI  49947



DEBORAH A. THOMAS
CIRCUIT COURT JUDGE
THIRD JUDICIAL CIRCUIT OF MICHIGAN
802 FRANK MURPHY HALL OF JUSTICE
1441 ST. ANTOINE
DETROIT, MICHIGAN 48226-2384

**APPENDIX A-4**

Mr. Myron Askew #234926
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI 48623

Clerk of the Court
Honorable Deborah Thomas
Third Judicial Circuit Court
802 Frank Murphy Hall of Justice
1441 St. Antoine St
Detroit, MI 48226

Re:   People v. Askew, No. 93-3113-02

Dear Clerk:

Please find enclosed the original and one (1) copy of Mr. Askews Motion for Relief From Judgment pursuant to MCR 2.612 et seq., and Proof of Service. Please note that this motion is filed because the Court's Order denying relief on my Motion for Relief was Judgment was erroneously mailed to my Co-defendant, Mr. DeJuan Edwards. I never received a copy of the Order.

Also, I am requesting a copy of the Docket entries in this matter.

Thank you for your attention to this matter.

_Myron Askew_
Myron V. Askew

Dated: 8-16-01

## PROOF OF SERVICE

The undersigned declares under penalties of perjury that on the 8-16-01 day of August 2001 he mailed the original and one (1) copy of the above documents to the Clerk of the Court, Hon. Deborah Thomas at the address above, by certified mail.

_Myron Askew_
Myron V. Askew

NOTARY PUBLIC:

CC: FILE
Encls

Subscribed and sworn before me, this _16th_
day of _August_, _2001_, a Notary Public
in and for _Ogemaw_ County,
State of _Michigan_.

_Erwin W Bell_
(Signature)
NOTARY PUBLIC
My Commission expires _Sept 30_, _2001_
_Acting in Saginaw Co._

STATE OF MICHIGAN
THIRD JUDICIAL CIRCUIT COURT
CRIMINAL DIVISION

THE PEOPLE OF THE STATE OF MICHIGAN,
              PLAINTIFF-APPELLEE,

                                    CASE NO. 93-3113-02
                                    HON. DEBORAH A. THOMAS
V.


MYRON V. ASKEW,
              DEFENDANT-APPELLANT.
——————————————————————/

## MOTION FOR RELIEF FROM JUDGMENT OR ORDER

NOW COMES DEFENDANT PURSUANT TO MCR 2.612(1)(A) AND (F), TO ASKS THAT THIS COURT VACATE ITS SEPTEMBER 29, 2000 ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT FILED UNDER SUBCHAPTER 6.500 ET SEQ., AND STATES THE FOLLOWING IN SUPPORT:

1. ON MARCH 24, 1999,  DEFENDANT IN PRO-PER, FILED A MOTION FOR RELIEF FROM JUDGMENT RAISING SIX CLAIMS OF ERROR.


2. THAT ON SEPTEMBER 29, 2000, THIS COURT ISSUED AN ORDER DENYING MR. ASKEWS REQUEST FOR RELIEF ON THE MOTION.


3. MR. ASKEW DID **NOT** RECEIVE A COPY OF THE COURT'S ORDER DENYING HIS MOTION FOR RELIEF FROM JUDGMENT.


4. INSTEAD, A COPY OF THE ORDER DENYING RELIEF WAS SENT

MISTAKENLY SENT TO MR. ASKEWS CO-DEFENDANT, MR. DEJUAN MARNELL EDWARDS, WHO IS INCARCERATED AT CARSON CITY TEMPORARY FACILITY. (SEE ATTACHED LETTER FROM COURT'S SECRETARY TO MR. EDWARDS, DATED 10/3/00).

5. THAT RECENTLY THIS LETTER AND THE ORDER WAS SENT TO MR. ASKEW BY MR. EDWARDS.

6. MR. ASKEW SUBMITS THAT THE ORDER HAD TO BE SENT TO HIS CO-DEFENDANT THROUGH MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT. MCR 2.612(C)(1)(A).

7. MOREOVER, PURSUANT TO MCR 2.612(C)(1)(F), THIS COURT HAS THE AUTHORITY TO CORRECT THIS MISTAKE WHERE, AS HERE, THE CIRCUMSTANCES JUSTIFY IT.

8. MR. ASKEW IS MAKING THIS MOTION IMMEDIATELY AFTER GAINING KNOWLEDGE THAT A MISTAKE WAS MADE. SEE E.G., MCR 2.612(C)(2).

9. FINALLY, UNDER THE CIRCUMSTANCES, IF THE COURT REFUSED TO TAKE ACTION, OR GRANT RELIEF HERE, IT WOULD BE INCONSISTENT WITH SUBSTANTIAL JUSTICE. SEE MCR 2.6139(A). THE MISTAKE CANNOT BE DEEMED HARMLESS BECAUSE IT HAS CONSIDERABLY SHORTENED MR. ASKEWS CHANCES OF APPEALING THIS COURT'S DECISION TO THE MICHIGAN COURT OF APPEALS BY DELAYED APPLICATION FOR LEAVE TO APPEAL. MR. ASKEW IS IGNORANT TOO AND UNTRAINED IN THE LAW.

10.  Therefore, Mr. Askew asks this Court to vacate its September 29, 2000 Order denying his Motion for Relief from Judgment, and issue a new (same) Order, allowing Mr. Askew to effectively prepare leave to appeal to the Court of Appeals, and/or grant any other relief the Court thinks is necessary in the interest of justice.

Respectfully Submitted

By: _Mr. Askew_ 234 926
Myron V. Askew #234926
Saginaw Correctional Fac.
9625, Pierce Rd.
Freeland, MI 48623
In Propria persona
=======================

Dated: 8-16-01

3

APPENDIX A-5



# THE THIRD JUDICIAL CIRCUIT
## OF MICHIGAN

JUDGE DEBORAH A. THOMAS

802 FRANK MURPHY HALL OF JUSTICE
1441 ST. ANTOINE
DETROIT, MICHIGAN 48226

(313) 224-5210
FAX (313) 224-2786

September 20, 2001

Mr. Myron Askew  #234926
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, Michigan 48623

RE:  PEOPLE V. ASKEW, MYRON V.
CASE NO. 93-003113-02

Dear Mr. Askew:

The Court is receipt of your second Motion for Relief from Judgment.  Pursuant to **MCR 6.502(G)(1) & (2)** as of August 1, 1995, only one Motion for Relief from Judgment may be filed with regard to a conviction.  The only exception to the rule is that if there is a **"retroactive change in the law that occurs after the first motion was denied"**, the defendant may file a second motion.  The Court denied your first Motion for Relief from Judgment on September 29, 2000.  There have been no **"retroactive changes"** in the law relative to any issue raised in this case.  Therefore, I am returning your latest Motion for Relief from Judgment dated August 16, 2001.

The Court apologizes for the fact that the Order denying your Motion for Relief was mailed to your co-defendant in error.  Please find enclosed a copy of said Order.

Sincerely,

Judith Williams
Wayne County Clerk for Judge Thomas

/jw

Enc.

c.   Court File

APPENDIX   A-6

Myron V. Askew #234926
Defendant In Propria Persona
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI 48623

Clerk of the Court
Michigan Court of Appeals
600 Washington Square Bldg.
P.O. Box 30022
Lansing, MI 48909-7522

Re:  In re Askew(NEW ACTION)
     Complaint for Superintending Control

Dear Clerk:

Please find enclosed the original and four (4) copies of Mr. Askews Complaint
for Writ of Superintending Control; Brief in Support; Motion to Waive Fees and
Cost and Affidavit in Support; and Proof of Service for filing with the Court.

Thank you for your attention to this matter.

_Askew_                        Dated: 5-23-02

### PROOF OF SERVICE

   Myron Askew declares under the penalties of perjury that on the undersigned
date he mailed a copy of the above pleadings to the Wayne County Prosecutor
Attorney, 1441 St. Antoine, Detroit, MI 48226, and Honorable Deborah Thomas,
Wayne County Circuit Court Judge, 1441 St. Antoine, Detroit, MI 48226, by
placing in properly addressed envelopes and mailing through an authorized
agent of the Saginaw Correctional Facility.

_Mark A. Enszer_               Dated: 05-23-2002

**NOTARY:**

        MARK A. ENSZER
    NOTARY PUBLIC MIDLAND CO., MI
    MY COMMISSION EXPIRES Sep 8, 2003

cc: file



# STATE OF MICHIGAN
# IN THE COURT OF APPEALS

---

IN RE MYRON V. ASKEW,

      PLAINTIFF.

C.O.A. No. _____

L.C. No. 93-003113-02

## COMPLAINT FOR WRIT OF SUPERINTENDING CONTROL
### BRIEF IN SUPPORT

### MOTION TO WAIVE FEES AND COSTS

### AFFIDAVIT

SUBMITTED BY:

      Myron V. Askew #234926
      Saginaw Correctional
      9625 Pierce Rd.
      Freeland, MI 48623
      In propria persona
      ++++++++++++++++++++++

**Cover Sheet**

## STATEMENT OF BASIS OF JURISDICTION

MCR 7.203(C) provides jurisdiction to the Court of Appeals for extraordinary writs, original actions, and enforcement of actions. MCR 7.203(C)(1) provides that the Court of Appeals may entertain an action for "superintending control ...."  See also MCR 3.302(D)(1) & (2).

4. Months later, after Mr. Askew received (from his Co-defendant) a copy of the Order denying his motion for relief from judgment (6.500), he filed a Motion for Relief from Judgment or Order under MCR 2.612(1)(a) on August 16, 2001, asking the Court to correct the error it made in mistakenly sending the Order denying the motion for relief from judgment (6.500) to Askew's Co-defendant (See Motion for Relief from Judgment or Order (2.612), attached as Appendix A-5).

5. On September 20, 2001, the Wayne Court Circuit Court, Honorable Deborah Thomas, responded by treating the motion filed under MCR 2.612 et seq., as a successive motion for relief from judgment and denied relief citing MCR 6.502(G)(1) & (2) (See Letter from Judge Thomas' Clerk, attached as Appendix A-6).

6. Although the Circuit Judge acknowledged that it committed an error in sending the Opinion and Order to Mr. Askew's Co-defendant, it nevertheless, failed to correct it error. See **id.**

7. The failure of the trial judge to correct its error has resulted in manifest injustice to Mr. Askew where he is precluded from taking an appeal from the denial of the motion for relief from judgment.

8. Further facts and procedural history of the case are set forth in the accompanying Statement of Facts.

2

9. In light of the unique facts and circumstances, Plaintiff Myron V. Askew asks this Honorable Court to **Grant** his Complaint for Writ of Superintending Control, on the following grounds:

## GROUNDS FOR RELIEF

### ARGUMENT I

**SUPERINTENDING CONTROL IS APPROPRIATE WHERE THE TRIAL JUDGE HAD THE AUTHORITY AND A CLEAR LEGAL DUTY TO CORRECT AN ERROR IT MADE, BUT FAILED TO DO SO.**

A. **THE TRIAL COURT EITHER PURPOSELY OR MISTAKENLY TREATED PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER FILED UNDER MCR 2.612 ET SEQ. AS A SUCCESSIVE MOTION FOR RELIEF FROM JUDGMENT, AND SUMMARILY DENIED RELIEF PURSUANT TO MCR 6.502(G)(1) & (2).**

### RELIEF REQUESTED

Therefore, Mr. Askew asks this Court to:

1. Grant his writ of superintending control.

2. Order the circuit to issue new redated orders denying his motion for relief from judgment so that he can effectuate leave to appeal in the matter.

3. Any other and further relief the Court deems necessary and just.

Respectfully Submitted,

By: _Myron V. Askew_
Myron V. Askew #234926
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI 48623

Dated: _5-22-02_

In Propria persona

3

APPENDIX   A-7

# Court of Appeals, State of Michigan

## ORDER

Myron V. Askew v Wayne Circuit Judge

Docket No.   241519

LC No.   93-003113-02

Janet T. Neff
   Presiding Judge

Richard A. Bandstra

Joel P. Hoekstra
   Judges

---

The Court orders that the complaint for superintending control is DENIED.

Presiding Judge

---



A true copy entered and certified by Sandra Schultz Mengel, Chief Clerk, on

SEP 1 9 2002

_____
Date

_____
Chief Clerk

**APPENDIX   A-8**

# Order

**Michigan Supreme Court**
Lansing, Michigan

Entered:   April 29, 2003

Maura D. Corrigan,
Chief Justice

122662

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman,
Justices

MYRON V. ASKEW,
           Plaintiff-Appellant,

v

WAYNE CIRCUIT JUDGE,
           Defendant-Appellee.

SC: 122662
COA: 241519
Wayne CC: 93-003113-02

_____/

On order of the Court, the delayed application for leave to appeal from the September 19, 2002  decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

d0422



I, CORBIN R. DAVIS, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 29 , 2003

Clerk

## STATE OF MICHIGAN

### IN THE SUPREME COURT

APPEAL FROM THE COURT OF APPEALS

Judges: Neff, PJ, Bandstra and Hockstra, JJ

(Court of Appeals No. 241519 - Lower Ct. No. 93-003113-02)

9/19/02 Deny                          V/R-Pe/Thomas

=================================================

**Myron V. Askew, #234926**
Plaintiff-Appellant

v

**Wayne Circuit Judge**
Defendant-Appellee

Supreme Court. No. #122662

122662

## Delayed Application for Leave to Appeal

BRIEF IN SUPPORT

MOTION TO WAIVE FEES AND COSTS

AFFIDAVIT IN SUPPORT

=============================================

Submitted By:
*Myron V. Askew*
Myron V. Askew
Plaintiff In Pro Per,
#234926
Thumb Corr. Facility
3225 John Conley Drive
Lapeer, Michigan 48446

Dated: 10-30-02



## STATEMENT OF BASIS OF JURISDICTION

The Supreme Court has superintending control over all the courts of the state [Const 1963, art 6, §4; MCR 7.301(A)(6); 8.113; 9.200] and the power to establish, modify, amend and simplify practice and procedure in all state courts by promulgation of general court rules and administrative orders. Const 1963, art 5, §5. See also, **State Bar v Corace**, 390 Mich 419, 435; 213 NW2d 124 (1973); MCL 600.215, MSA 27A.215; MCL 600.223, MSA 27A.223. The Supreme Court's superintending control over administration, practice and procedure in the lower courts is implemented in part by the State Court Administrative Office. Const 1963, art 6, K§3; MCR 8.103. This Court has jurisdiction over the instant case and cause of action erroneously committed by the lower courts. MCR 7.301(A)(6), MCR **7.304**, MCL 600.217, MSA 27A.217.

## JUDGMENT APPEALED FROM AND RELIEF SOUGHT

Plaintiff Myron V. Askew was convicted on December 13, 1993, by jury of two counts of second degree murder, two counts of assault with intent to murder, and felony firearm. On January 4, 1994, he was sentenced to two concurrent life terms for the second degree murder convictions, concurrent fifteen to thirty years of imprisonment for each of the assault convictions, and two years consecutive imprisonment for the felony firearm conviction.

Plaintiff filed a Complaint for Superintending Control in the Court of Appeals on May 22, 2002, asking the Court to Order the Circuit to reissue it's Opinion and Order in his criminal matter, which **he never received from the Circuit Court** to enable him to effectuate an appeal of his conviction in a timely manner. The Court of Appeals issued an Order dated September 19, 2002 denying his complaint for superintending control.

Plaintiff appeals from the September 19, 2002 Court of Appeals order denying his complaint for superintending control.

## STATEMENT OF QUESTION INVOLVED

IS SUPERINTENDING CONTROL APPROPRIATE WHERE THE TRIAL JUDGE HAD THE AUTHORITY AND A CLEAR LEGAL DUTY TO CORRECT AN ERROR IT MADE, BUT FAILED TO DO SO, WHICH EFFECTIVELY PREVENTS PLAINTIFF FROM OBTAINING POST-CONVICTION REVIEW OF AN UNCONSTITUTIONAL CONVICTION?

> A. The Trial Court Either Purposely or Mistakenly Treated Plaintiff's Motion for Relief From Judgment Or Order Filed Under MCR 2.612 et seq. As A Successive Motion for Relief From Judgment and Summarily Denied Relief Pursuant to MCR 6.502(G)(1) & (2) Which Created A Manifest Injustice To Plaintiff in this case.

<u>STATEMENT OF MATERIAL PROCEEDINGS AND FACTS</u>

Plaintiff filed his Motion for Relief From Judgment, pursuant to MCR 6.500 et seq. on March 24, 1999.  On September 29, 2000, the Honorable Deborah Thomas, Wayne county Circuit Court Judge, issued an Opinion and Order denying Plaintiff's Motion for Relief from Judgment. (Appendix 2)

The Court Clerk erroneously mailed the copy of Plaintiff's September 29, 2000 Opinion and Order denying his 6.500 Motion to his Co-Defendant, DeJuan Marnell Edwards who was incarcerated at the Carson City Corr. Facility in Carson City, Michigan on October 3, 2000. (Appendix 3)

Plaintiff never received his Opinion and Order until August 3rd, 2001 from his Co-Defendant DeJuan Edwards.  Plaintiff filed a Motion For Relief From Judgment or Order under MCR 2.612(1)(a) on August 16, 2001, asking the Court to correct its error, and reissue the Order issued on September 29, 2000, to enable him to appeal that Court's decision into the Court of Appeals.  On September 20, 2001, Judge Deborah Thomas treated his motion as a successive motion for relief from judgment and denied relief. (Appendix 6)

Plaintiff then filed his Complaint for Superintending Control in the Court of Appeals on May 22, 2002, requesting that that Court Order the Circuit Court to reissue & redate it's Order denying his motion for relief from judgment to enable him to effectuate a timely appeal of the Court's Opinion and Order. The Court of Appeals issued it's Order on September 19, 2002, denying Plaintiff's complaint for superintending control. (See Appendix 8)

STATE OF MICHIGAN

IN THE SUPREME COURT

**In Re MYRON V. ASKEW,**

               Plaintiff,           Supreme Court No. _____
                                      Court of Appeal's No. 241519
                                      Lower Court No. 93-003113-02

_____/

MYRON V. ASKEW
Plaintiff In Pro Per,
#234926
Thumb Corr. Facility
3225 John Conley Drive
Lapeer, Michigan 48446
_____/

## COMPLAINT FOR WRIT OF SUPERINTENDING CONTROL

    NOW COMES the above-named Plaintiff acting  in Propria Persona, and in support of this Complaint For Writ of Superintending Control states the following:

    1.   On March 24, 1999, Mr. Askew filed a Motion for Relief From Judgment pursuant to MCR 6.500 et seq. to obtain post-conviction relief in his criminal case. (See Proof of Service for Motion, Appendix A-1)

    2.   On September 29, 2000, the Honorable Deborah Thomas, Wayne County Circuit Judge, issued an Opinion and Order denying Plaintiff Askew's Motion for Relief From Judgment. (See Opinion and Order, Appendix A-2)

    3.   The Court Clerk **never** sent Plaintiff Askew a copy of the September 29, 2000 Opinion and Order issued in his case. Instead, the Court Clerk mailed a copy of the Opinion and Order of September 29, 2000, to Plaintiff's Co-Defendant, DeJuan

1

Marnell Edwards, #233962 who was incarcerated at Carson City
Temporary Facility in Carson City, Michigan on or about October
3, 2000. (See Letter to Mr. DeJuan M. Edwards from Judge Thomas,
Appendix A-3)

4.   Mr. Edwards eventually located and contacted Plaintiff
Askew in July 2001 informing him that he had inadvertently
received a copy of the Opinion and Order issued in his case
denying his Motion for Relief From Judgment from the Court, and
provided him a copy of those documents around July 20th, 2001.

5.   On August 16, 2001, Plaintiff filed a Motion for Relief
From Judgment or Order under MCR 2.612(1)(a), asking the Circuit
Court to correct the error made in mistakenly mailing his Opinion
and Order to his Co-Defendant, and to reissue the Opinion and
Order to allow him to pursue his appeal of the Court's September
29, 2000 decision rendered in his case. (See Motion Appendix A-4)

6.   On September 20, 2001, the Wayne County Circuit Court
Judge Thomas, responded to Plaintiff's motion by letter treating
his motion filed under MCR 2.612 et seq. as a successive motion,
denied his request for correction and reissuance of the Opinion
and Order issued on September 29, 2000. (See Letter from Judith
Williams, Clerk for Judge Thomas dated September 20, 2001,
Appendix A-5)

7.   Although the Circuit Court Clerk acknowledged and
apologized that the Order Denying Plaintiff's Motion for Relief
from Judgment was mailed to his Co-Defendant in error, the Court
made **no effort to correct its error** to permit Plaintiff a timely
appeal of it's Opinion and Order in the Court of Appeals.

2

8.    The negligence and failure of the Court to correct it's error in this cause has resulted in a manifest injustice to Plaintiff Askew, which precluded him from taking a timely appeal from the denial of his motion for relief from judgment.

9.    On May 22, 2002, Plaintiff Askew filed into the Court of Appeals his Complaint for Writ of Superintending Control seeking relief from that Court in remanding his case back to the Circuit Court with Orders for the Circuit Court to reissue the Opinion and Order which was never received by Plaintiff, to enable him to timely appeal the denial of his Motion for Relief From Judgment into the Court of Appeals. (See Complaint for Writ of Superintending Control dated May 22, 2002, Appendix A-6)

10.    On September 19, 2002, the Court of Appeals issued its Order Denying Plaintiff Askew's Complaint for Writ of Superintending Control. (See Court of Appeals Order dated 9/19/02, Appendix A-7)

11.    Failure by this Honorable Court to at least remand this case to the Court of Appeals or Circuit Court and Order a reissuance of the Circuit Court's Order to enable Plaintiff to appeal the lower court decision will result in the deprivation of Plaintiff's right to appeal. U.S. Const. Am XIV, Const 1963, art 1, §20.

12.    In light of the unique circumstances and facts related in this matter, Plaintiff Askew respectfully ask this Honorable Court to Grant his Complaint for Writ of Superintending Control based upon the following issue and ground:

3

## ARGUMENT

IS SUPERINTENDING CONTROL APPROPRIATE WHERE THE TRIAL JUDGE HAD THE AUTHORITY AND A CLEAR LEGAL DUTY TO CORRECT AN ERROR IT MADE, BUT FAILED TO DO SO, WHICH EFFECTIVELY PREVENTS PLAINTIFF FROM OBTAINING POST-CONVICTION REVIEW OF AN UNCONSTITUTIONAL CONVICTION?

> A.   The Trial Court Either Purposely or Mistakenly Treated Plaintiff's Motion for Relief From Judgment Or Order Filed Under MCR 2.612 et seq. As A Successive Motion for Relief From Judgment and Summarily Denied Relief Pursuant to MCR 6.502(G)(1) & (2) Which Created A Manifest Injustice To Plaintiff in this case.

## RELIEF REQUESTED

WHEREFORE, for all of the foregoing reasons and circumstances stated above, Plaintiff Askew respectfully requests that this Honorable Court GRANT this Complaint for Writ of Superintending Control, remand this case to the Court of Appeals or Wayne COunty Circuit Court for reconsideration and reissuance of the Order issued September 29, 2000, to enable Plaintiff appellate review of the issues and assignments of error raised in his 6.500 motion filed in this cause.

Respectfully submitted,

MYRON V. ASKEW
Plaintiff in Pro per,
#234926
3225 John Conley Drive
Lapeer, Michigan 48446

4

## AFFIDAVIT

State of Michigan)
                 ) ss.
Lapeer County    )

    I declare that the above statements are true to the best of my knowledge, information and belief.


                                                             MYRON V. ASKEW

STATE OF MICHIGAN

IN THE SUPREME COURT


IN RE MYRON V.  ASKEW,

        Plaintiff,

Sup. Ct. No. _____
C.O.A. No. 241519
L.Ct. No. 93-003113-02

_____/

Myron V. Askew
Plaintiff In Pro Per,
#234926
Thumb Corr. Facility
3225 John Conley Drive
Lapeer, Michigan 48446

_____


BRIEF IN SUPPORT OF
COMPLAINT FOR WRIT OF SUPERINTENDING CONTROL


PLAINTIFF'S AFFIDAVIT IN SUPPORT


Submitted By:

Myron V. Askew
Plaintiff In Pro Per,
#234926
Thumb Corr. Facility
3225 John Conley Drive
Lapeer, Michigan 48446


Dated: _10-20-02_

# TABLE OF CONTENTS

**PAGE**

TABLE OF CASES ..............................................1-ii

STATEMENT OF BASIS OF JURISDICTION ..........................iii

STANDARDS OF REVIEW .........................................iv

QUESTIONS PRESENTED .........................................v

TABLE OF ABBREVIATIONS ......................................vi

STATEMENT OF FACTS ..........................................4-6

ARGUMENT:

    I.  SUPERINTENDING CONTROL IS APPROPRIATE WHERE THE
        TRIAL JUDGE HAD THE AUTHORITY AND A CLEAR LEGAL
        DUTY TO CORRECT AN ERROR, BUT FAILED TO DO SO.........7-9

        A.  The Trial Court Either Purposely or
            Mistakenly Treated Plaintiff's Motion For
            Relief From Judgment Order Filed Under MCR
            2.612 et seq. As A Successive Motion For
            Relief From Judgment, And Summarily Denied
            Relief Pursuant to MCR 6.502(G)(1) & (2)...........9-12

RELIEF ......................................................3,12

# TABLE OF CASES

PAGE

## UNITED STATES CONSTITUTIONAL PROVISIONS

US Const, Amend XIV .........................................................12

## UNITED STATES SUPREME COURT CASES

Bounds v. Smith, 430 US 817 (1977) .........................................11

Ford v. Georgia, 498 US 418 (1991) .........................................11

Matthews v. Eldridge, 424 US 319 (1976) ...................................12

Morrissey v. Brewer, 408 US 471 (1972) ....................................12

## MICHIGAN SUPREME COURT CASES

Frederick v. Presgue Isle Cty Cir Judge, 439 Mich 1 (1991).........7

Genesse Pros v. Genesse Cir Judge, 386 Mich 672 (1972) ......................8

In re Burton, 429 Mich 133 (1987) ..........................................7

In re Frederick, 285 Mich 262 (1938) .......................................8

People v. Coles, 417 Mich 523 (1983) .......................................9

People v. Mehall, 454 Mich 1 (1997) .......................................11

People v. Sconious, 448 Mich 643 (1995) ....................................7

Waldeck v. Smalls, 431 Mich 873 (1988) .....................................9

## UNITED STATES DISTRICT COURT CASES

Holtgreive v. Curtis, 174 S.Supp.2d 572 (E.D.Mich 2001) ...................11

## MICHIGAN COURT OF APPEALS CASES

People v. Hererra, (On Rem), 204 Mich App 333 (1994) ......................11

## MICHIGAN COURT RULES

MCR 2.602(D) ...............................................................9

MCR 2.612 et seq. ..........................................................5

MCR 2.612(1)(a) & (f) ....................................................5,10

MCR 3.302(B) & (C) .........................................................7

MCR 6.500 ............................................................Passim

MCR 6.502(G)(1) & (2) ................................................Passim

MCR 6.504(B)(2) ...........................................................8

MCR 6.509(A) ............................................................7,8

MCR 7.203(C) & (C)(1) .....................................................7

MCR 7.205 & (F) ...........................................................7