## STANDARDS OF REVIEW

In deciding whether to issue a writ of superintending control, the reviewing court must determine whether the lower court or tribunal failed to perform a clear legal duty. **Frederick v. Presque Isle Cty Circuit Judge,** 439 Mich 1, 476 NW2d 142 (1991); MCR 3.302(B).

# QUESTIONS PRESENTED

I.  IS SUPERINTENDING CONTROL APPROPRIATE WHERE THE TRIAL JUDGE HAD AUTHORITY AND A CLEAR LEGAL DUTY TO CORRECT AN ERROR, BUT FAILED TO DO SO?

Plaintiff Answers,                "Yes."

The Trial Court has not answered.

A.  Did The Trial Court Either Purposely Or Mistakenly Treat Plaintiff's Motion For Relief From Judgment Or Order Filed Under MCR 2.612 et seq. As A Successive Motion For Relief From Judgment, And Summarily Deny Relief Pursuant to MCR 6.502(G)(1) & (2)?

Plaintiff Answers,                "Yes."

The Trial Court has not answered.

## TABLE OF ABBREVIATIONS

MFRJ denotes Motion for Relief from Judgment filed pursuant to MCR 6.500 et seq.

Motion for Relief from Judgment or Order is at all times in reference to the motion to correct the error, filed pursuant to MCR 2.612 et seq.

## STATEMENT OF FACTS

On March 24, 1999, Mr. Askew in proria persona, filed a motion for relief from judgement (MFRJ) in the Wayne County Circuit Court, pursuant to MCR 6.500 et seq. (Appendix A-1). Although the circuit court issued a September 29, 2000 Order and Opinion denying the MFRJ, Mr. Askew did not receive a copy of the court's order at that time (Opinion and Order, dated 9/29/00 attached as Appendix A-2).

Instead, a copy of the court's September 29, 2000 opinion and order was mistakenly sent to Mr. Askews co-defendant, Mr. DeJuan Marnell Edwards, who was incarcerated at the Carson City Correctional Facility. (See attached Letter from court's secretary to Mr. Edwards, dated 10/3/00, Appendix A-3).

Months later, Mr. Askew received a letter from his co-defendant Edwards. In the letter, Edwards enclosed a copy of the circuit court's September 29, 2000 order, and explains that he [Edwards] did not even file a motion for relief from judgment. After reading the order sent to him by Edwards, Mr. Askew discovered that the order was pertaining to his MFRJ filed in the circuit court. This is when Askew discovered that his MFRJ had been denied in the circuit court (See Affidavit of Askew, attached Appendix A-4).

Mr. Askew, being ignorant to and untrained in the law, thereafter obtained assistance from a prisoner "Jailhouse Lawyer," and filed a motion fashioned "Motion for Relief from Judgment or Order," on August 16, 2001 (See Appendix

4

A-5). The motion for relief from judgment or order was filed pursuant to MCR 2.612(1)(a) and (f),[1] and asked the circuit court to vacate its September 29, 2000 order denying the above MFRJ because Mr. Askew did not receive a copy of the court's order denying the MFRJ from the court, and once Askew received the order from his co-defendant there was not enough time left for Askew to effectively appeal the denial to the Court of Appeals on leave. Id. Mr. Askew's motion for relief from judgment or order explained that the September 29, 2000 order denying his MFRJ had been mistakenly sent to his co-defendant who did not even file a MFRJ. Id. In the motion for relief from judgment or order, Mr. Askew merely asked the circuit court to correct the mistake it had made in not sending a copy of the order to him. Id. Mr. Askew asked the circuit court to vacate its September 29, 2000 order and enter a new - but same - order, which would allow Askew to effectively prepare an application for leave to the Court of Appeals. Id. at ¶10. Furthermore, Askew asked the circuit to enter any other relief it thought necessary in the best interests of justice. Id.

On September 20, 2001, the Wayne County Circuit Court Clerk for Judge Deborah Thomas, wrote Mr. Askew pertaining to the above motion for relief from judgment or order (See Letter from Judge Thomas' Clerk, dated 9/20/01, attached Appendix A-6). The Clerk's letter explains that the motion for relief from judgment or order filed under MCR 2.612 et seq., was treated as a

---

[1] The heading used was taken verbatim for Michigan Court Rules 2.612(A)(1) and is exactly the same as MCR 6.435(A).

"successive" motion for relief from judgment pursuant to MCR 6.500 et seq., and then summarily rejected pursuant to MCR 6.502(G)(1) & (2). Specifically, the order states:

> The Court is [sic] receipt of your second Motion for Relief from Judgment. Pursuant to MCR 6.502(G)(1) & (2) as of August 1, 1995, only one Motion for Relief from Judgment may be filed with regard to a conviction. The only exception to the rule is that if there is a "**retroactive change in the law that occurs after the first motion was denied**", the defendant may file a second motion. The Court denied your first Motion for Relief from Judgment on September 29, 2000. There have been no "**retroactive changes**" in the law relative to any issue raised in this case. Therefore, I am returning your latest Motion for Relief from Judgment dated August 16, 2001. [Appendix A-6 (emphasis in original).]

The Clerk went on to further state:

> The Court apologizes for the **fact that the Order denying your Motion for Relief from Judgment was mailed to your co-defendant in error.** Please find enclosed a copy of said Order. [**Id.** ¶2 (emphasis added).]

The circuit court took no steps to correct its error.

Mr. Askew now brings this Complaint for Writ of Superintending Control.

## I. SUPERINTENDING CONTROL IS APPROPRIATE WHERE THE TRIAL JUDGE HAD AUTHORITY AND A CLEAR LEGAL DUTY TO CORRECT AN ERROR, BUT FAILED TO DO SO.

### STANDARD OF REVIEW

In deciding whether to issue a writ of superintending control, the reviewing court must determine whether the lower court or tribunal failed to perform a clear legal duty. See **Frederick v. Presque Isle Cty Circuit Judge**, 439 Mich 1, 476 NW2d 142 (1991). See **MCR 3.302(B)** (there must be no other adequate remedy).

### LAW AND ARGUMENT

In exercisng the power of superintending control over a lower court, a reviewing court is invested an extraordinary power. Under its constitutional power, the Supreme Court adopted **MCR 7.203(C)** which provides jurisdiction to the Court of Appeals for extraordinary writs, original actions, and enforcement of actions. **MCR 7.203(C)(1)** provides that the Court of Appeals may entertain an action for "superintending control over a lower court or tribunal immediately below it arising out of an action or proceeding which, when concluded, would result in an order appealable to the Court of Appeals." **In re Burton**, 429 Mich 133, 139 (1987).

Here, if not for the error in sending the order denying Askew's motion for relief from judgment to his Co-defendant, Askew would have been able to appeal to this Court pursuant to **MCR** 6.509(A); 7.205 & 7.205(F). See **People v. Sconious**, 448 Mich 643 (1995). **MCR** 3.302(C) provides that superintending

control is to be used in place of the former writs of certiorari, mandamus, and prohibition. An order of superintending control, comparable to a writ of certiorari, traditionally has been used only to determine "if the inferior tribunal, upon the record made, had jurisdiction and proceeded according to law. **Id.**; see **Genesse Prosecutor v. Genesse Circuit Judge,** 386 Mich 672; 194 NW2d 693 (1972), quoting **In re Frederick,** 285 Mich 262; 280 NW2d 468 (1938). The decision in such cases is limited to questions of law.

Mr. Askew's position is straight-forward and simple - Judge Thomas erred in failing to send him a copy of the Opinion and Order denying his Motion for Relief from Judgment. The record is clear in that (1) Judge Thomas' Court had authority to and did hear the MFRJ filed pursuant to MCR 6.500; (2) Judge Thomas' Court denied the MFRJ; (3) Judge Thomas admittedly erred in sending the denial of the MRFJ to Askew's Co-defendant; (4) that Askew asked Judge Thomas to correct its error; and (5) Judge Thomas failed to correct the error, rather committed another error in treating the motion to correct the error as a successive MFRJ. Mr. Askew was entitled to know that his MFRJ had been denied by the trial judge. MCR 6.504(B)(2) indicates that "[t]he clerk shall serve a copy of the order on defendant and the prosecutor." MCR 6.509(A) explains that defendant can appeal the decision to this Court within a 12 month time limit. This 12 month time limit underscores Mr. Askews contention that he was entitled to a copy of the decision denying the MFRJ. Importantly, in his motion for relief from judgment or order (Appendix A-5), Mr. Askew explained that because he did not receive a copy of the Opinion and Order on the MRFJ, he could not have time to effectively appeal to the Court of

Appeals. Id. Moreover, the very purpose of an Opinion and Order is for an appellate courts review. See **People v. Coles,** 417 Mich 523, 549-50 (1983); **Waldeck v. Small,** 431 Mich 873 (1988).

Finally, the Michigan Court Rules are clear in that Askew was entitled to have "a copy of the judgement or order [to] be served on all parties within seven days of its entry." MCR 2.602(D). Clearly Askew and not his Co-defendant was a party to the MFRJ filed under Subchapter 6.500. Moreover, the trial judge admits error:

> The Court apologizes for the fact that the Order denying your Motion for Relief from Judgment was mailed to your co-defendant in error. Please find enclosed a copy of said Order. [Appendix A-6, ¶2.]

The above quotation indicates that the trial court knew it made an error in sending Askew's Co-defendant the Order and not askew. Also, it reveals that the circuit court actually served Askew a copy of the Order denying his MFRJ on September 20, 2001, and by that time it was to late to effectively take appeal to this Court. Since the circuit has admittedly made these errors, this Court need only decide the questions whether the judge below had a clear legal duty to correct its error, and if there is another adequate remedy. Mr. Askew asserts that superintending control is appropriate and the writ should issue in this case.

A. THE TRIAL COURT EITHER PURPOSEFULLY OR MISTAKENLY TREATED PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER FILED UNDER MCR 2.612 ET SEQ. AS A SUCCESSIVE MOTION FOR RELIEF FROM JUDGMENT, AND SUMMARILY DENIED RELIEF PURSUANT TO MCR 6.502(G)(1) & (2).

## LAW AND ARGUMENT

Clearly Mr. Askew filed a motion for relief from judgment or order asking the trial judge pursuant to MCR 2.612 et seq., to correct an error it had made in sending his Co-defendant the copy of the Order denying his MFRJ filed pursuant to MCR 6.500 et seq. It is evident from reading the cover letter and the motion for relief from judgment or order that it is not a "successive" MFRJ filed under 6.500. Nevertheless, Judge Thomas treated it as such and hence, blatantly disregarded Plaintiff Askew's request to correct an obvious error the court had made. Although according to the Rule 6.502(G)(1) & (2), as of August 1, 1995, only one MfRJ may be filed with regard to a conviction, there is no caselaw or rule supporting a trial judge treating a motion fashioned moion for relief from judgment or order and filed under a specific rule as a MFRJ filed under 6.500. This is a clear legal error made by the trial court and not Mr. Askew. An accurate reading of the motion for relief from judgment or order (2.612) reveals that nothing in the wording of the motion gives rise to the erroneous interpretation the trial court took.

Mr. Askew asserts that the trial court, when faced with a blatant error it made, chose to purposefully misread his motion. This contention becomes clear in the fact that after mistakenly interpreting the motion for relief from judgment or order as a "successive" MFRJ, the trial court turns around and acknowledges that it in fact made an error and apologizes to Askew for the error:

> The Court apologizes for the fact that the Order denying your Motion for Relief from Judgment was mailed to your co-defendant in error. Please find enclosed a copy of said Order. [Appendix A-6.]

10

This strongly suggests that the trial court knew that Mr. Askew's August 16, 2001 motion for relief from judgment or order was not a "successive" MFRJ filed under 6.500, but nevertheless, traeted it as such to avoid correcting its error. The Court may have felt that sending Askew a copy of the Order would somehow correct its error.

Recently, in **Holtgreive v. Curtis,** 174 F.Supp.2d 572 (E.D. Mich 2001), a federal district court, faced with analytically identical situation, stated:

> For purposes of habeas corpus review, the court may only consider as an adequate and independent state procedural rule a state procedural rule that was "firmly established and regularly followed by the time as of which it [was] to be applied." **Ford v. Georgia, 498 US 411, 423-24, 111 S. Ct. 850, 112 L.Ed.2d 935 (1991).**
> M.C.R. 6.502(G)(1) limits prisoners to one motion for relief from judgment, attacking a particular judgment after August 1, 1995. Petitioner was convicted on January 5, 1996, and sentenced on February 5, 1996. Petitioner filed a motion he styled a motion to correct presentence report in February of 1998, and the motion he styled a motion for relief from judgment in July 1998. Therefore, it is clear that M.C.R. 6.502(G) was effective before Petitioner's convictions were entered and throughout the subsequent period.
> This Court is not persuaded, however, that deeming or construing **pro se** motion to correct presentence report as a first motion for relief from judgment is a firmly established and regularly followed rule. In its order dismissing Petitioner's motion for leave to appeal, the Michigan Court of Appeals cited **People v. Mehall, 454 Mich 1, 5, 557 NW2d 110 (1997),** for the proposition that it was necessary for the trial court to determine the substance of the motion that was labeled a motion to correct presentence report. However, **Mehall** does not address postconviction motions under M.C.R. 6.500. [**Holtgreive,** 174 F.Supp.2d at 581.]

* * *

> Further, Respondent has not cited, and this Court has not been able to find, any Michigan appellate cases (apart from Petitioner's) holding that a motion to correct presentence report (or other limited **pro se** motions attacking sentence) must be considered a first motion for relief from judgment. [**Id.**]

11

Finally, the actions of the trial court have resulted in Mr. Askew being denied the meaningful access to the courts he is entitled to under the Fourteenth Amendment to the United States Constitution. See e.g., **People v. Hererra,**(On Rem), 204 Mich App 333, 338 (1994)("Sanctions such as filing limits, refusals to waive fees, dismissals, and awards of costs may interfere with the right of access to the courts and with the ability to assert a constitutionally protected liberty interest. Therefore, they may not be imposed upon upon pro se prisoner litigants without affording them rudimentary due process.") **Id.** at 339, citing **Bounds v. Smith,** 430 US 817, 825 (1977); **Morrissey v. Brewer,** 408 US 471 (1972) and **Matthews v. Eldridge,** 424 US 319, 334-35 (1976). Under the circumstances, when the circuit judge refused to correct its own mistake, it effectively cut-off Askews available appeal avenues. This resulted in a denial of meaningful access to the courts. Moreover, Askew had a constitutionally protected liberty interest that demanded closer scrutiny of the matter by the circuit court. See **Hererra, supra.**

**Therefore,** Mr. Askew asks this Honorable Court to order the Wayne County Circuit Judge to issue new redated Orders denying his motion for relief from judgment, so that he can effectuate an appeal in this matter, and/or any other relief the Court deems necessary and just.

I declare under the penalty of perjury that the
above statements are true and correct to the
best of my knowledge, information and belief.

Respectfully submitted,


MYRON V. ASKEW, #234926
Plaintiff In Pro Per,
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, Michigan 48446

Dated: 10-50-02

# CIVIL COVER SHEET FOR PRISONER CASES
## TO BE FILED IN DUPLICATE WITH EVERY NEW CIVIL ACTION

**ORIGINAL**

C4-71708

**Name of 1st Listed Plaintiff:** Myron V. Askew

**Inmate Number:** 234926

**Name of 1st Listed Defendant:** Fabian W. LaVigne  AVERN COHN / STEVEN WHALEN

**Defendant's County of Residence (If Located in Michigan):** MAGISTRATE

### FACILITIES, LISTED ALPHA BY CITY:

- ☐ PARR HIGHWAY CORRECTIONAL FACILITY, 2727 E. BEECHER STREET, ADRIAN, MI 49221
- ☐ GUS HARRISON CORRECTIONAL FACILITY, P2727 E. BEECHER STREET, ADRIAN, MI 49221, LENAWEE COUNTY CODE: 26091
- ☐ BARAGA MAXIMUM CORRECTIONAL FACILITY, 301 WADAGA ROAD, BARAGA, MI 49908, BARAGA COUNTY CODE: 26013
- ☐ BOYER ROAD CORRECTIONAL FACILITY, 10274 BOYER ROAD, CARSON CITY, MI 48811, MONTCALM COUNTY CODE: 26117
- ☐ FLORENCE CRANE CORRECTIONAL FACILITY, P.O. BOX 307, 38 FOURTH STREET, COLDWATER, MI 49036
- ☐ LAKELAND CORRECTIONAL FACILITY, 141 FIRST STREET, COLDWATER, MI 49036, BRANCH COUNTY CODE: 26023
- ☐ MOUND CORRECTIONAL FACILITY, 17601 MOUND ROAD, DETROIT, MI 48212
- ☐ RYAN CORRECTIONAL FACILITY, 17600 RYAN ROAD, DETROIT, MI 48212
- ☐ WAYNE COUNTY JAIL, 570 CLINTON STREET, DETROIT, MI 48226, WAYNE COUNTY CODE: 26163
- ☐ OAKS CORRECTIONAL FACILITY, P.O. BOX 38, 1500 CABERFAE HWY., EASTLAKE, MI 49626-0038, MANISTEE COUNTY CODE: 26101
- ☐ GENESSE COUNTY JAIL, 1002 S. SAGINAW, FLINT, MI 48502, GENESSE COUNTY CODE: 26049

- ☐ SAGINAW CORRECTIONAL FACILITY, 9625 PIERCE ROAD, FREELAND, MI 48623, SAGINAW COUNTY CODE: 26145
- ☐ WILLIAM DICKERSON FACILITY, 3501 HAMTRAMCK DRIVE, HAMTRAMCK, MI 48211, WAYNE COUNTY CODE: 26163
- ☐ BELLAMY CREEK CORRECTIONAL FACILITY, 1727 W. BLUEWATER HIGHWAY, IONIA, MI 48846
- ☐ IONIA MAXIMUM FACILITY, 1576 W. BLUEWATER HIGHWAY, IONIA, MI 48846
- ☐ DEERFIELD CORRECTIONAL FACILITY, 1755 HARWOOD ROAD, IONIA, MI 48846
- ☐ RIVERSIDE CORRECTIONAL FACILITY, 777 W. RIVERSIDE DRIVE, IONIA, MI 48846
- ☐ HANDLON MICHIGAN TRAINING UNIT, 1728 BLUEWATER HIGHWAY, P.O. BOX 492, IONIA, MI 48846, IONIA COUNTY CODE: 26067
- ☐ COOPER STREET CORRECTIONAL FACILITY, 3100 COOPER STREET, JACKSON, MI 49201
- ☐ G. ROBERT COTTON CORRECTIONAL FACILITY, 3510 N. ELM ROAD, JACKSON, MI 49201
- ☐ CHARLES EGELER RECEPTION AND GUIDANCE CENTER, 3855 COOPER STREET, JACKSON, MI 49201
- ☐ PARNALL CORRECTIONAL FACILITY, 1780 E. PARNALL, JACKSON, MI 49201
- ☐ SOUTHERN MICHIGAN CORRECTIONAL FACILITY, 4010 COOPER STREET, JACKSON, MI 49201, JACKSON COUNTY CODE: 26075

- ☒ CHIPPEWA CORRECTIONAL FACILITY, 4387 W. M-80, KINCHELOE, MI 49784 *(circled)*
- ☐ HIAWATHA CORRECTIONAL FACILITY, 4533 MARSHALL ROAD, KINCHELOE, MI 49786-0001
- ☐ STRAITS CORRECTIONAL FACILITY, 4269 W. M-80, KINCHELOE, MI 49784-0001
- ☐ KINROSS CORRECTIONAL FACILITY, 16770 S. WATERTOWER DRIVE, KINCHELOE, MI 49788, CHIPPEWA COUNTY CODE: 26033
- ☐ MARQUETTE BRANCH PRISON, 1968 S. US-41, MARQUETTE, MI 49855, MARQUETTE COUNTY CODE: 26103
- ☐ THUMB CORRECTIONAL FACILITY, 3225 JOHN CONLEY DRIVE, LAPEER, MI 48446, LAPEER COUNTY CODE: 26087
- ☐ FEDERAL CORRECTIONAL INSTUTION - MILAN, P.O. BOX 1000, MILAN, MI 48160-1090, WASHTENAW COUNTY CODE: 26161
- ☐ MACOMB COUNTY JAIL, P.O. BOX 2308, MOUNT CLEMONS, MI 48043, MACOMB COUNTY CODE: 26099
- ☐ MUSKEGON CORRECTIONAL FACILITY, 2400 SHERIDAN DRIVE, MUSKEGON, MI 49442
- ☐ EARNEST C. BROOKS CORRECTIONAL FACILITY, 2500 S. SHERIDAN DRIVE, MUSKEGON HEIGHTS, MI 48444, MUSKEGON COUNTY CODE: 26121
- ☐ ALGER MAXIMUM FACILITY, P.O. BOX 600, INDUSTRIAL PARK DRIVE, MUNISING, MI 49862, ALGER CONTY CODE: 26003

- ☐ MACOMB CORRECTIONAL FACILITY, 34625 26 MILE ROAD, P.O. BOX 48099, NEW HAVEN, MI 48048, MACOMB COUNTY CODE: 26099
- ☐ NEWBERRY CORRECTIONAL FACILIT, 3001 NEWBERRY AVENUE, NEWBERRY, MI 49868, LUCE COUNTY CODE: 26095
- ☐ SCOTT CORRECTIONAL FACILITY, 47500 FIVE MILE ROAD, PLYMOUTH, MI 48170
- ☐ WESTERN WAYNE CORRECTIONAL FACILITY, 48401 FIVE MILE ROAD, PLYMOUTH, MI 48170, WAYNE COUNTY CODE: 26163
- ☐ OAKLAND COUNTY JAIL, P.O. BOX 436017, PONTIAC, MI 48343, OAKLAND COUNTY CODE: 26125
- ☐ MID-MICHGIAN CORRECTIONAL FACI, 8201 N. CROSWELL ROAD, ST. LOUIS, MI 48880
- ☐ PINE RIVER CORRECTIONAL FACILIT, 320 N. HUBBARD, ST. LOUIS, MI 48880
- ☐ ST. LOUIS CORRECTIONAL FACILITY, 8585 N. CROSWELL ROAD, ST. LOUIS, MI 48880, GRATIOT COUNTY CODE: 26057
- ☐ STANDISH MAXIMUM CORRECTIONA FACILITY, 4713 W. M-61, STANDISH, MI 48658, ARENAC COUNTY CODE: 26011
- ☐ HURON VALLEY CENTER, 3511 BEMIS ROAD, YPSILANTI, MI 48197
- ☐ HURON VALLEY MEN'S FACILITY, 3201 BEMIS ROAD, YPSILANTI, MI 48197, WASHTENAW COUNTY CODE: 26161

---

**OFFICE USE ONLY**

**PLAINTIFF ADDRESS: (IF NOT ABOVE)**

**PLAINTIFF'S COUNTY OF RESIDENCE:** Chippewa 

### BASIS OF JURISDICTION
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity

### NATURE OF SUIT
- ☐ 510  Motions to Vacate Sentence
- ☒ 530  Habeas Corpus
- ☐ 535  Habeas/Death Penalty
- ☐ 540  Mandamus
- ☐ 550  Civil Rights
- ☐ 555  Prison Condition
- ☐ 890  Other

### ORIGIN
- ☒ 1  Original Proceeding
- ☐ 2  Removed From State Court
- ☐ 5  Transferred from another District

### JURY DEMAND
Check YES only if demanded in complaint
- ☒ No 
- ☐ Yes

### FEE STATUS
- ☒ IFP  In Forma Pauperis
- ☐ WAI  Waived
- ☐ PD  Fee Paid

### CASE OPENING
- ☒ OPEN AS FP
- ☐ OPEN AS CV
- ☐ OPEN AS X
- ☐ CHANGE X TO CV
- ☐ NO CREDIT REASSIGN TO

INT-0138-MIE Rev.